**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re:

GLEISY VAZQUEZ                              CHAPTER    13
                                            CASE NO.   23-10644-RAM

Debtor.
_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**FILED BY AMERICAN HONDA FINANCE CORPORATION**
**REGARDING 2021 ACURA ILX, VIN 19UDE2F78MA006195**

> **Any interested party who fails to file and serve a written response to this motion within fourteen (14) days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Creditor, American Honda Finance Corporation dba Acura Financial Services ("Honda Finance"), moves this Court for entry of a final order granting relief from stay as to property of the estate of the above-named Debtor, and in support thereof would show:

1. The Debtor filed the instant Chapter 13 case on January 26, 2023.

2. Honda Finance is a creditor of the Debtor by virtue of a Closed-End Vehicle Lease Agreement ("Lease") dated August 7, 2021, whereunder the Debtor leased a 2021 Acura ILX, VIN 19UDE2F78MA006195 ("Leased Property"), and the Lease was assigned to Honda Lease Trust for value and in good faith. Honda Finance administers the Lease on behalf of Honda Finance pursuant to the assignment provisions of the Lease. A true and correct copy of the Lease is attached hereto and incorporated herein.

3. Said Lease reflects Honda Finance's interest in the Leased Property as is also noted on the Certificate of Title. A true and correct copy of the Certificate of Title is attached hereto and incorporated herein.

4. Debtor is in default under the terms of the Lease in the amount of $745.00 by failing to pay the June 7, 2023 payment and all subsequent due payments. The Lease payoff, including any applicable purchase option amount, is $22,791.06.

5. Pursuant to 11 U.S.C. §§ 361 and 363, Honda Finance is entitled to adequate protection for its interests in the subject Leased Property.

6. The failure by Debtor to make timely payments has deprived Honda Finance of the adequate protection to which it is entitled with respect to the subject Leased Property, which constitutes grounds for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

7. Pursuant to 11 U.S.C. §362(d)(2), the automatic stay should be terminated as to Honda Finance, its Vehicle and the proceeds thereof, as there is no equity in the Vehicle, and it is not necessary for the effective reorganization of Debtor.

8. Pursuant to Local Rule 4001-1, Honda Finance contends that the filing of this Motion on negative notice is appropriate since the Chapter 13 Plan provides for Honda Finance's claim to be paid outside of the Plan.

9. All conditions precedent to the relief demanded herein have been performed or have occurred.

10. To the extent, if any, an additional fourteen (14) day stay pertains pursuant to Rule 4001(a) or any other applicable rule, Honda Finance requests that this Court use its prerogative to suspend the effectiveness of such Rule in this proceeding because the Leased Property easily can be moved, secreted, and/or damaged within the fourteen day period. In addition, Honda Finance prays that the Court suspend the Rule in all instances in which the Debtor consents.

WHEREFORE, Honda Finance prays that:

1. The automatic stay be terminated as to Honda Finance, its Leased Property and the proceeds thereof, so that Honda Finance may proceed with any and all remedies available under state and/or federal law that are not inconsistent with Title 11 of the United States Code effective immediately, and Honda Finance is not stayed for fourteen (14) days before exercising its rights and remedies; and

2. Honda Finance have such further and other relief to which it may be entitled in the premises.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Pursuant to Local Rule 9073-1(D) movant's attorney has contacted counsel for all adverse parties to attempt to resolve the matter without hearing.

/s/ Bertis A. Echols, III
Bertis A. Echols, III, Esquire
Florida Bar Number 0063387
Attorneys for the Creditor American Honda Finance Corporation
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 525-6781
(901) 248-6854 (fax)
bechols@evanspetree.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing Motion for Relief from the Automatic Stay, with supporting exhibits, was furnished by electronic or First Class U.S. Mail postage prepaid to Debtor, Gleisy Vazquez, 3102 SW 147 Ct., Miami, FL 33185; Attorney for Debtor, George A Alvarez, 10281 Sunset Drive, Suite 102B, Miami, FL 33173; Trustee, Nancy K. Neidich, POB 279806, Miramar, FL 33027; Office of the US Trustee, 51 S.W. 1st Avenue, Suite 1204, Miami, FL 33130, on this **1st** day of August, 2023.

/s/ Bertis A. Echols, III
Bertis A. Echols, III, Esquire
Florida Bar Number 0063387